UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDY MCGOWAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil No. 07-01-B-W |
| | ) |
| WARDEN, MAINE STATE PRISON, | ) |
| | ) |
| Respondent. | ) |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The Court affirms the Magistrate Judge's Recommended Decision recommending denial of a petition for habeas corpus under 28 U.S.C. § 2254. However, should the Petitioner seek a certificate of appealability, the Court will issue one under 28 U.S.C. § 2253(c)(1) on whether his trial counsel's failure to adequately cross-examine state witness Jamie Merrill and his failure to obtain a blood spatter expert constituted denial of Petitioner's constitutional right to effective assistance of trial.

I.   **THE RECOMMENDED DECISION**

On October 6, 2008, the United States Magistrate Judge filed with the Court her Recommended Decision (Docket # 40) (*Rec. Dec.*). The Petitioner filed a series of objections to the Recommended Decision (Docket #'s 46, 48, 50) between November 24, 2008 and December 2, 2008. The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and, the Court concurs with the recommendations of the United States

Magistrate Judge for the reasons set forth in her Recommended Decision, and determines that no further proceeding is necessary.

## II. CERTIFICATE OF APPEALABILITY

### A. The Magistrate Judge's Recommendation

Based on a divide between the Maine Superior and the Maine Supreme Courts on the issue of ineffective assistance of trial counsel, the Magistrate Judge recommended that, if sought, a certificate of appealability should issue. *See McGowan v. Maine*, 2006 ME 16, 894 A.2d 493. She pointed out that "[w]hile I have concluded that the Law Court's final analysis was not an 'unreasonable application' of the *Strickland* prejudice prong, others might see it differently." *Rec. Dec.* at 39.

### B. The Legal Standard

To appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," the petitioner must first obtain a certificate of appealability from a circuit justice or judge. 28 U.S.C. § 2253(c). Pursuant to First Circuit Local Rule 22.1(a), "[a] petitioner wishing to appeal from the denial of a § 2254 . . . petition must timely file a notice of appeal and should promptly apply to the district court for a certificate of appealability."

The district court may issue the certificate "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "If the district court grants a certificate

of appealability, it must state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). If the district court denies a certificate of appealability, it must state the reasons why the certificate should not issue." 1st Cir. R. 22.1(a).[1]

### C. *State v. McGowan*

After a jury trial, Randy McGowan was convicted in 1999 of one count of murder for the shooting death of his former girlfriend's boyfriend and sentenced to twenty-eight years imprisonment. *McGowan*, ¶ 2, 894 A.2d at 494-95. Following direct appeal, the Maine Law Court affirmed his conviction. *Id.* Mr. McGowan filed a petition for post-conviction review and an amended petition, asserting seventeen grounds of ineffective assistance of counsel. *Id.* ¶ 4, 894 A.2d at 495. After two evidentiary hearings, the post-conviction court issued a thirty-eight page decision denying Mr. McGowan's petition on fifteen of the asserted grounds, but concluding that Mr. McGowan met his burden on two grounds, "one related to the manner in which his trial attorney cross-examined State

---

[1] First Circuit Local Rule 22.1(c) discusses partial denial of a certificate of appealability:

> (1) If the district court grants a certificate of appealability as to one or more issues, the petitioner's appeal shall go forward only as to the issue or issues for which the district court granted the certificate. *See Grant-Chase v. Commissioner*, 145 F.3d 431 (1st Cir. 1998).
>
> (2) If the petitioner wants appellate review of an issue or issues as to which the district court has denied a certificate of appealability, petitioner must apply promptly, within the time set by the clerk of the court of appeals, to the court of appeals for an expanded certificate of appealability. The request for an expanded certificate of appealability:
>
>> (A) must be explicit as to the additional issues the petitioner wishes the court to consider and
>>
>> (B) should be accompanied by a copy of the district court order and a memorandum giving specific and substantial reasons, and not mere generalizations, why an expanded certificate of appealability should be granted.
>
> If the petitioner fails to apply for an expanded certificate of appealability within the time designated by the clerk, the appeal will proceed only with respect to the issues on which the district court has granted a certificate; this court will not treat an inexplicit notice of appeal, without more, as a request for a certificate of appealability with respect to issues on which the district court has denied a certificate.

witness Jamie Merrill, and a second concerning his trial attorney's failure to present a blood spatter expert witness." *Id.* The court "granted the amended petition, vacated the conviction, and restored the matter to the docket for a new trial." *Id.*

On February 17, 2006, the Maine Law Court issued a unanimous decision, vacating the lower court's judgment and remanding the case for entry of an order denying Mr. McGowan's amended petition. *Id.* ¶ 27; 894 A.2d at 501. Mr. McGowan filed a second post-conviction petition which was summarily dismissed. *Am. Pet.* (Docket # 21) at Attach. 3 (Docket # 21-4). The Law Court refused to issue a certificate of probable cause, and denied a motion for reconsideration. *Am. Pet.* at Attach. 13 (Docket # 21-14); *Am. Pet.* at Attach. 14 (Docket # 21-15).

### D. *McGowan v. Warden, Maine State Prison*

On April 25, 2008, Mr. McGowan filed an amended § 2254 petition for writ of habeas corpus with this Court, asserting twenty-five grounds.[2] *Am. Pet.* On October 6, 2008, the Magistrate Judge issued a thorough, thirty-nine page Recommended Decision, recommending that the Court dismiss all twenty-five grounds, but, if one is sought, grant Mr. McGowan a certificate of appealability on grounds 16 and 17 of his amended petition, corresponding to the claims the Superior Court initially upheld.

### E. Grounds 16 & 17

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate "both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's

---

[2] Grounds 1-9, 22, 24, and 25 pertain to the adequacy of Mr. McGowan's second state post-conviction proceedings; grounds 10, 12-15, 18-21, and 23 to the adequacy of Mr. McGowan's first post-conviction proceedings; and, ground 11 is a due process claim related to the trial court's jury instructions on self-defense and defense of the premises.

4

unprofessional errors, the result of the proceeding would have been different." *United States v. De La Cruz*, 514 F.3d 121, 140 (1st Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)); *see also McGowan*, ¶ 12, 894 A.2d at 497 (noting that "the federal and state [of Maine] guarantees are virtually identical").

Here, after an extensive hearing, the Superior Court concluded that Mr. McGowan had sustained his burden to establish both ineffective assistance prongs as to his claims that his trial attorney was ineffective due to (1) the manner in which the trial attorney cross-examined State witness Jamie Merrill, and (2) the trial attorney's failure to present a blood spatter expert witness. *McGowan*, ¶ 4, 894 A.2d at 495. The Maine Law Court unanimously disagreed, holding that any prejudice suffered by Mr. McGowan was insubstantial. *Id.* ¶¶ 21, 27, 894 A.2d at 499-501.

In *Heon v. Maine*, the Court discussed the 28 U.S.C. § 2254 standard:

> In assessing a § 2254 petition for writ of habeas corpus, this Court does not act as an appellate court, reviewing the decisions of the state supreme court. Consistent with the statutory directive to 'entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States,' 28 U.S.C. § 2254(a), a federal court may not grant an application for writ of habeas corpus 'unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' *Id.* at § 2254(d)(1)-(2). Regarding 'unreasonable determination of the facts,' the statute provides that 'a determination of a factual issue made by a State court shall be presumed to be correct' and the petitioner has 'the burden of rebutting the presumption of correctness by clear and convincing evidence.' *Id.* at § 2254(e)(1).

No. 08-140-B-W, 2009 U.S. Dist. LEXIS 235, at *5-6 (D. Me. Jan. 5, 2009). As to the "unreasonable application" clause under § 2254(d)(1), the Supreme Court elaborated in

5

*Williams v. Taylor*: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. 362, 411 (2000).

In her Recommended Decision, the Magistrate Judge examined at length grounds 16 and 17 of Mr. McGowan's amended § 2254 petition. *See Rec. Dec.* 8-32. The Court agrees that, on both grounds, the record does not reveal a decision that was "contrary to" or an "unreasonable application of" *Strickland* by the Maine Law Court. *Id.*; 28 U.S.C. § 2254(d)(1).[3] However, for reasons articulated in the Recommended Decision, the Court also agrees Mr. McGowan has established that reasonable jurists could (and, in this case, did) disagree as to whether his constitutional rights were violated. Accordingly, if sought, the Court will grant Mr. McGowan a certificate of appealability as to two questions:

1. Whether Mr. McGowan's constitutional right to effective assistance of counsel was violated by his trial attorney's failure to adequately disprove that Petitioner was a felon or had walked away from other homicides in the past; and,

2. Whether Mr. McGowan's constitutional right to effective assistance of counsel was violated by his trial attorney's failure to present a blood spatter expert witness.[4]

---

[3] Nor does the Court find that the Maine state court proceedings as to these grounds "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(2).

[4] As to the other grounds in Mr. McGowan's amended § 2254 petition, the Court concurs with the Magistrate Judge that Petitioner has failed to establish viable claims. Furthermore, in his voluminous filings, Mr. McGowan has failed thus far to show that "jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *See Miller-El*, 537 U.S. at 327.

### III.     CONCLUSION

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 40) is hereby AFFIRMED; and,

2. It is further ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus (Docket # 21) be and hereby is DENIED and the State's Motion to Dismiss (Docket # 26) is GRANTED; and,

3. It is further ORDERED that a certificate of appealability shall issue in the event the Petitioner files a notice of appeal because there is a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2009